UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

| | |
|---|---|
| ATMUS FILTRATION, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES, U.S. CUSTOMS AND BORDER PROTECTION; and RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection,<br><br>    Defendants. | Court No. 26-01259 |

**DECLARATION OF BRANDON LORD**
**RESPONDING TO MARCH 6, 2026 COURT ORDER**

  I, Brandon Lord, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me in the course of my employment, hereby make the following declaration with respect to the above-captioned matter:

1. I am the Executive Director, Trade Programs Directorate, Office of Trade, U.S. Customs and Border Protection (CBP), a position I have held since July 2022. In my role, I lead CBP's strategic efforts to enforce and protect the revenue, including the implementation of tariff measures under Section 232 of the Trade Expansion Act of 1962 and the International Emergency Economic Powers Act (IEEPA). I lead the administration of priority international trade issues, including Tariffs and Trade Remedies, Intellectual

Property Rights, Free Trade Agreements, Import Safety, Textiles and Antidumping and Countervailing Duties. Previously, I served as the Acting Executive Director for Trade Policy and Programs, Office of Trade, from March 2021 until November 2021, and as the Deputy Executive Director for Trade Policy and Programs, Office of Trade, from November 2017 until July 2022.

2. CBP is developing a new capability within its system of record for imported merchandise — the Automated Commercial Environment (ACE) — to prepare to calculate and provide valid refunds of additional *ad valorem* duties imposed under IEEPA. This new ACE functionality is called the Consolidated Administration and Processing of Entries (CAPE). CBP is designing CAPE with four integrated components:

    - Claim Portal,
    - Mass Processing,
    - Review and Liquidation/Reliquidation, and
    - Refund

    These components reflect both how CBP anticipates refund requests will proceed through CAPE and how CBP is structuring its development efforts. Each of these components, along with an update on its development, is discussed below.

## CLAIM PORTAL

3. The CAPE Claim Portal will be web-based and serve as the entry point for importers and brokers to submit IEEPA refund requests ("CAPE Declaration") to CBP. Once operational, a new tab will be available in both importer and broker ACE Portal accounts. Filers will not use Automated Broker Interface (ABI) to file in the CAPE Claim Portal. Filers will be able to upload a Comma-Separated Values (CSV) file containing a list of the entry summaries for which they are requesting IEEPA refunds. After submission,

ACE will conduct two series of validations: 1) file validations and 2) entry validations.

    a. File validations will ensure that the refund request contains all required information, that the information is properly formatted, that the submitter is the importer of record (IOR) for the listed entries or the authorized broker that filed the entry summaries on the IOR's behalf, and that the CSV file itself is not corrupted. If a submission fails any part of the file validation series, ACE will reject the CAPE Declaration submission. The system will identify the specific errors that triggered the rejection, which filers will be able to view in ACE, allowing filers to correct the identified issues and resubmit the request on a new CAPE Declaration.

    b. If the CAPE Declaration submission successfully passes the file validations, ACE will proceed to a set of entry-specific validations. For example, the system will confirm that an entry summary number listed in the submitted CSV file exists in ACE and that at least one IEEPA Harmonized Tariff Schedule (HTS) Chapter 99 number was declared on that entry. If an entry summary fails any of the entry-specific validations, ACE will remove that individual entry summary from the CAPE Declaration but will continue processing the remaining entry summaries listed. After the system completes the entry-specific validations, ACE will allow the filer to review the results and identify any rejected entries. If it is possible for the filer to correct any of the entry-specific errors ACE identified, it may do so on a separate CAPE Declaration upload.

4. As of March 11, 2026, CBP estimates that its development of the Claim Portal component is 70% complete. CBP has finished developing the Claim Portal user

interface and is currently developing the programming necessary to run the automated validations described above and provide information about validation errors to the CAPE Declaration filer.

## MASS PROCESSING

5. The CAPE Mass Processing component will automatically remove any applicable IEEPA HTS numbers from the entry summaries submitted to and validated by the CAPE Claim Portal component. After the IEEPA HTS numbers are removed, the Mass Processing component runs the ACE duty calculation validations. These checks are the normal ACE entry summary process that exists today, which automatically reviews all declared HTS numbers to confirm the correct duties owed are listed on the entry summary. At this point, the Mass Processing component calculates duties as if the IEEPA duties had never been declared. After the CAPE Declaration has passed through the Mass Processing component, the system accepts the CAPE Declaration.

6. As of March 11, 2026, CBP estimates that its development of the Mass Processing component is 40% complete. CBP's development efforts are currently focused on the automated entry summary update process and related validations.

## REVIEW AND LIQUIDATION/RELIQUIDATION

7. The next CAPE component will initiate the review and liquidation/reliquidation process for the entries identified in the accepted CAPE Declaration. This component will automatically set the entries to liquidate/reliquidate on a specified number of days from the acceptance date, allowing CBP to conduct a manual review as needed. CBP is developing additional functionality within this CAPE component to streamline any required agency review. The Review and Liquidation/Reliquidation component will update the underlying entry summaries to reflect the new total duties paid and will

automatically calculate interest. It will also process liquidations/reliquidations of entries on a CAPE Declaration Monday through Thursday each week.

8. As of March 11, 2026, CBP estimates that its development of the Review and Liquidation/Reliquidation component is 80% complete. CBP has completed developing the liquidation/reliquidation function of this component and will shortly begin performance testing. CBP is also planning additional development and testing for this component, but these are dependent on the development progress of other CAPE components.

**REFUND**

9. When the entry summaries in the accepted CAPE Declaration reach the scheduled liquidation/reliquidation date, ACE will direct those entries to a CAPE-specific refund process within the ACE Collections refunds module. The CAPE Refund component will consolidate refunds by liquidation/reliquidation date and IOR or a party the IOR has designated to receive refunds on its behalf on a CBP Form 4811 ("Form 4811 designee"). Once processed, the refunds will be sent electronically to the designated bank account.

10. As of March 11, 2026, CBP estimates that its development of the Refund component is 60% complete. CBP has completed developing CAPE-specific refund processing functionality within the ACE Collections framework. Currently, CBP is performance testing the CAPE refund consolidation process. CBP plans to complete additional development to further integrate the component with the other CAPE components and conduct additional performance testing in the next few weeks.

**PHASED DEVELOPMENT**

11. CBP anticipates a phased development for CAPE, beginning with the basic functionality outlined above, and adding more functionality in subsequent phases to address more

complicated scenarios. CBP expects that in its first phase of development, CAPE will be able to process the majority of formal and informal entries on which IEEPA duties were paid, other than unliquidated entries subject to antidumping or countervailing duties, or entries for which the liquidation status in ACE is "Suspended," "Extended," or "Under Review," and certain other entry types such as warehouse withdrawals, entries designated on a drawback claim, etc. CBP will provide detailed guidance to users regarding the scope and functionality of each phase of development as it is implemented. CBP is also evaluating any additional steps that may need to be taken to comply with the Paperwork Reduction Act.

I declare that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 12th day of March, 2026.

Brandon Lord
Executive Director
Trade Programs
Office of Trade
U.S. Customs and Border Protection