**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

Before Honorable Richard K. Eaton, Senior Judge

| | |
|---|---|
| ATMUS FILTRATION, INC.<br><br>　　　Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA<br><br>　　　Defendants. | Court No. 26-01259 |

**PLAINTIFF'S MOTION FOR**
**<u>EXPANDED CASE MANAGEMENT PROCEDURES</u>**

Plaintiff, Atmus Filtration, Inc. ("Plaintiff", "Atmus Filtration" or "the Company"), respectfully submits this motion to expand the case management procedures already adopted by this Court with respect to cases seeking relief from the tariffs imposed under the International Emergency Economic Powers Act ("IEEPA"). In Administrative Order 25-02, the Court refers to such cases as "the IEEPA Tariff Cases."

**Background**

Following the Supreme Court's decision in *Learning Res., Inc., et al. v. Trump*, 607 U.S. ___ (2026), IEEPA Tariff Cases pending before this Court share a common objective of obtaining court-ordered refunds of IEEPA tariffs paid upon entry, plus interest. As of March 13, 2026, approximately 2,500 IEEPA Tariff Cases have been filed, including more than 650 since

the Supreme Court's decision on February 20, 2026.  These cases have been initiated by more than 350 lead counsel affiliated with more than 150 law firms.

On March 4, 2026, the Court issued an order in this case *sua sponte* requiring U.S. Customs and Border Protection ("CBP") to liquidate and reliquidate "any and all" entries that were entered subject to the IEEPA tariffs, but without specifying a timeframe for CBP's compliance.  On March 5, 2026, the Court narrowed this order to apply only to refunds involving a limited subset of IEEPA tariffs (*i.e.*, the specific IEEPA tariffs before the Supreme Court in *Learning Resources*).  The Court further modified the order by an order issued on March 6, 2026, that suspended the previous order "to the extent that it directs immediate compliance".

At the Court's behest, Defendants filed declarations on March 6, 2026, and March 12, 2026, from an official with CBP, which explained the steps the agency is undertaking to implement "new ACE functionality that will streamline and consolidate refunds and interest payments on an importer basis."

An initial hearing in this matter was held on March 4, 2026.  Subsequently, the Court held a conference with the parties on March 6, 2026.  The March 6, 2026, conference was closed to the public; counsel for Plaintiff and counsel for the government were the only counsel present.

**Request for Expanded Case Management Procedures**

Plaintiff appreciates the Court's attention to the refund issue following the Supreme Court's decision in *Learning Resources*.  The Company also recognizes the work CBP is undertaking to design and implement IEEPA duty and interest refund capability.  That said, it is not clear whether the claims-based process proposed by CBP is consistent with CBP's legal obligations to effectuate refunds of excess moneys deposited, pursuant to both this Court's orders

and 19 U.S.C. § 1505(b).[1]  Plaintiff is not prepared to speak for all plaintiffs in the IEEPA Tariff Cases, let alone for all affected importers, regarding the functional or legal sufficiency of CBP's proposals.

In addition, Atmus Filtration understands that all importers are not necessarily similarly situated and that these factual differences may matter to the design and implementation of an efficient and effective refund process.  The Company believes that the Court will benefit from having such issues and perspectives raised as early in this process as possible.  This is not a benefit that a single plaintiff can provide the Court.

Additionally, the Court's orders raise a range of legal questions that implicate, not only Plaintiff's rights, but the rights of other parties on whose behalf Plaintiff cannot speak or act.  This is particularly true given Defendant's repeated assurance that it expects to process refunds only once there is a "final and unappealable decision . . . ordering defendants to refund the duties."  *AGS Co. Automotive Solutions v. United States*, Consol. Ct. No. 25-00255, Slip Op. 25-154 at *4 (Ct. Int'l Tr. 2025).

Accordingly, Plaintiff respectfully submits that these are legitimate issues that should not be addressed by one company alone.  All plaintiffs in the IEEPA Tariff Cases—indeed, all 330,000 importers of record that paid IEEPA duties—stand to be impacted by the issues being discussed and decided in this litigation.  Plaintiff shares the Court's sense of urgency on the refund question but notes that decisions are being made with limited importer input, which could lead to the unintended consequence of delaying the availability of refunds.

---

[1] For example, there appears to be a lack of alignment between the Court's March 4, 2026, order, which directed CBP to liquidate "any and all unliquidated entries" and "[a]ny entries for which liquidation is not final" without the IEEPA tariffs, and CBP's proposal which shifts the burden to importers by creating a process that requires claimants to submit to CBP a list of entries on which refunds are being claimed (a list that will most likely be drawn from CBP's ACE system).

When the U.S. Court of International Trade has been confronted with a large influx of plaintiffs seeking substantially identical relief, the Court has historically undertaken various case management procedures that we submit would be beneficial here. These procedures include some steps that the Court has already adopted, such as the automatic stay currently in effect pursuant to Administrative Order 25-02. They also include steps such as the assignment of all related cases to the same judge, which appears to have occurred here on an informal basis. The case management procedures further include steps that have not yet been undertaken, including the creation of a master case (*e.g.*, "In Re IEEPA Tariff Cases"), the formation of a court-appointed Plaintiffs' Steering Committee, and selection of test case or cases to resolve any issues to be appealed.

Versions of these case management procedures have a long history of successful use in this Court. They were useful in managing the Harbor Maintenance Tax ("HMT") litigation between 1996 and 2002, the Steel Safeguard Litigation between 2001 and 2003, the Section 232 Tariff Litigation between 2018 and 2019, and the Section 301 litigation in 2021. Plaintiff respectfully submits that such procedures would continue to be useful here.

Plaintiff seeks a refund for its own IEEPA tariffs and supports the Court's broader objectives of working with the CBP to establish an effective refund process. Plaintiff also recognizes that it would be contrary to the interest of judicial economy if the right to IEEPA duty and interest refunds hinges upon the filing of a case at the U.S. Court of International Trade. Plaintiff respectfully submits that creating a master case for the entry of broadly applicable orders and designating a Plaintiffs' Steering Committee to provide input on the government's proposals will best serve the twin interests of ensuring that CBP promptly complies with its statutory obligation to effectuate refunds and conserving judicial resources.

Creating a master case would also allow the Court to enter interim orders of broad applicability pursuant to the Court's inherent authority and statutory endowment of the powers of law and equity. Forming a Plaintiffs' Steering Committee will ensure that the Court receives the benefit of insight from experienced customs practitioners representing a range of claimants on the nuanced legal and procedural questions at hand. Taking this approach will also position the Court to be able to select appropriate test cases, if needed, with the benefit of input from counsel representing a variety of claimants.

For the foregoing reasons, Plaintiff respectfully moves the Court to expand the case management procedures adopted in the IEEPA Tariff Cases. Specifically, Plaintiff requests that the Court (i) create a master case and enter the orders from this action in the new master case and (ii) appoint a Plaintiffs' Steering Committee to provide input on CBP's declarations and proposed plan for issuing refunds, and to address other issues, as needed. We note that the above-captioned case has not been designated as a lead case or test case for the resolution of any particular issue.

In advance of filing this motion, Plaintiff's counsel sought the government's position. In an email, the government advised that it opposes the relief Plaintiff seeks because the government has not had sufficient time to review and consider the proposal.

Plaintiff's counsel also consulted with counsel at Crowell & Moring LLP, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, Neville Peterson LLP and Rock Trade LLC, who, together with counsel on this motion collectively represent nearly half of the plaintiffs that have filed IEEPA Tariff Cases to date. Counsel for these plaintiffs endorse the relief requested in this motion.

Respectfully submitted,

Michael E. Murphy
John M. Foote
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8016
ted.murphy@sidley.com


Thomas G. Wallrich
Heather L. Marx
COZEN O'CONNOR
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
(612) 260-9002
twallrich@cozen.com

Micah S. Myers
COZEN O'CONNOR
2001 M St NW, Suite 500
Washington, DC 20036
202-280-6501
micahmyers@cozen.com

Brett Crow
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 821-1754
bcrow@cozen.com


Counsel for Plaintiff
Atmus Filtration, Inc.


Dated:  March 18, 2026

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
Before Honorable Richard K. Eaton, Senior Judge

| | |
|---|---|
| ATMUS FILTRATION, INC.<br><br>    Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA<br><br>    Defendants. | Court No. 26-01259 |

## <u>ORDER</u>

Upon consideration of Plaintiff's motion for expanded case management procedures, and upon due deliberation, it is hereby

**ORDERED** that the motion is GRANTED.

Dated: _____            _____
        New York, New York                                                    JUDGE