UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| ATMUS FILTRATION, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Before: Richard K. Eaton, Judge |
| v. | : | |
| | : | Court No. 26-01259 |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**<u>ORDER</u>**

At the settlement conference held on March 31, 2026, the court and the participants discussed questions related to the refund of International Emergency Economic Powers Act ("IEEPA") duties through U.S. Customs and Border Protection's ("Customs") proposed Consolidated Administration and Processing of Entries ("CAPE") functionality in its ACE system.

As an initial matter, Customs confirmed that it is on track to meet the April 20, 2026, deadline to begin accepting CAPE Declarations for entries that are eligible for liquidation or reliquidation and certification for refunds in Phase 1.

The Declaration of Brandon Lord, Executive Director, Trade Programs Directorate, Office of Trade, U.S. Customs and Border Protection, dated March 31, 2026, ECF No. 51 ("Lord Decl."), was reviewed at the conference. Customs continues to make satisfactory progress on developing each of the four components of CAPE: (1) the Claim Portal, (2) Mass Processing, (3) Review and Liquidation / Reliquidation, and (4) Refund.

Once Phase I of CAPE is completed, Customs "expects to develop" additional "functionalities" so that CAPE will be able to address "more complex refund scenarios." Lord Decl. ¶ 16.

As Customs continues to develop CAPE to address importer concerns, it will take into consideration: (1) pre-liquidation refunds for suspended entries, (2) entries that are not processed through CAPE, and (3) entries that have been liquidated and are outside the 180-day protest window.

Additionally, the court notes that Customs now issues all refunds electronically. Lord Decl. ¶ 11. The court therefore encourages importers and any designated third parties to consult Customs' guidance on enrollment in the electronic ACH Refund program. *See, e.g.*, *Electronic Refunds*, 91 Fed. Reg. 21 (Dep't of Homeland Sec. Jan. 2, 2026).

Considering that no resolution has been reached with respect to the reliquidation, by way of CAPE, of entries for which liquidation has become final, importers should be aware of the remedies available under 19 U.S.C. § 1514 (Protest against decisions of Customs Service).

Upon consideration of the papers and proceedings had herein, including Mr. Lord's March 31, 2026, Declaration, it is hereby

**ORDERED** that Defendant shall file a short report describing the progress Customs has made toward the development of a process to issue refunds of IEEPA duties paid with interest. The report shall be filed by 12:00 p.m. EDT on Tuesday, April 14, 2026. A closed conference is scheduled for the same day at 3:00 p.m. EDT. The parties' counsel may appear in person or by video. The court's Case Manager will provide conference details accordingly. This settlement conference will not be open to the public.

/s/ Richard K. Eaton
Judge

Dated: April 1, 2026
    New York, New York